**Dilip K. SHAW, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

**No. 00–3355.**

United States Court of Appeals, Federal Circuit.

Feb. 9, 2001.

Before MAYER, Chief Judge, MICHEL and GAJARSA, Circuit Judges.

PER CURIAM.

Dilip K. Shaw seeks review of the April 28, 2000, decision of the Merit Systems Protection Board, MSPB Docket No. DA0432000004–I–1, denying his petition for review of an initial decision, which dismissed his appeal as settled, and forwarding his allegations of noncompliance with the settlement agreement to the regional office for adjudication as a petition for enforcement. We *affirm.*

Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

"Those who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden." *Asberry v. United States Postal Service,* 692 F.2d 1378, 1380 (Fed.Cir.1982). Shaw must therefore show that "the contract he has made is tainted with invalidity, either by

fraud practiced upon him or by a mutual mistake under which both parties acted." *Id.* Shaw has alleged neither fraud nor mutual mistake. Instead, he argues that "[g]ranted that I agreed to the settlement agreement but things happened very fast over the phone in a very short period of time with no time for logical thinking." Shaw was represented by counsel when he accepted the terms of the settlement agreement and the administrative judge specifically found that "the agreement appears lawful on its face, the parties freely entered into it, and they understand its terms." *Shaw v. Department of the Navy,* MSPB Docket No. DA0432000004–I–1, slip op. at 1 (Dec. 1, 1999) (Initial Decision). There is nothing in the record to indicate otherwise.

Shaw also argues that the agency breached the settlement agreement by disclosing its terms. The board has forwarded Shaw's arguments to the regional office for consideration as a petition for enforcement in the first instance. These arguments are therefore not properly before us on this petition for review.